Alexander von Brandenfels,
3116 Harriet Ave, Apt 2, Minneapolis, MN, 55408
Tel.: (302) 648-6020
Fax: n/a
Email: alex.brandenfels@gmail.com
Plaintiff in pro per

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RECEIVED SEP 13 2023 CLERK, U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| Alexander von Brandenfels, <br>    Plaintiff in Pro Per, <br><br> v. <br><br> LTL LED, LLC, <br> d/b/a WOLF RIVER ELECTRIC <br>    Defendant. | Case No.: 23cv2813 KMM/ECW |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT

### INTRODUCTION

1. Plaintiff alleges the following upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.



Complaint: Brandenfels v. LTL LED, LLC            1

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the Telephone Consumer Protection Act claims under 28 U.S.C. §1331 because this complaint arises under laws of the United States.

3. Venue is proper because Defendant does business in and solicits customers in this district, and because a substantial part of the events giving rise to these claims occurred here.

## PARTIES

4. Alex von Brandenfels is a natural person and resident of Minneapolis, Minnesota.

5. LTL LED, LLC is a construction and solar installation company in Minnesota doing business as "Wolf River Electric". It conducts business in Minnesota, Wisconsin, and Iowa. Its principal executive office address is 101 ISANTI PARKWAY NE, STE G, ISANTI, MN 55040.

## THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) AND RELATED REGULATIONS AND CASE LAW

6. The TCPA, 47 U.S.C. § 227 *et seq.* (1991), is a law regulating telemarketing and the use of auto-dialing technology. It was enacted in response to increasing abuse of consumers' telephone systems by businesses.

7. 47 U.S.C. § 227 (c) prescribes that the Federal Communications Commission (FCC) shall issue regulations implementing the TCPA, and gives the FCC the power to establish a national database of "telephone numbers of residential subscribers who object to receiving telephone solicitations".

8. The "National Do Not Call Registry" (www.donotcall.gov) is the FCC's database of residential phone numbers who object to receiving telephone solicitations, as authorized by the above statute.

9. 47 CFR § 64.1200 ("Restrictions on Telemarketing, Telephone Solicitation, and Facsimile Advertising - Delivery Restrictions", 2003), is a set of FCC regulations implementing the TCPA, as authorized by the above statute.

10. 47 CFR 64.1200 (c) (2) forbids making telephone solicitations to residential phone subscribers who have listed their number on the National Do Not Call Registry.

11. 47 CFR 64.1200 (e) causes 47 CFR 64.1200 (c) (2) to also apply to cell phones, and not just residential landlines.

12. 47 U.S.C. § 227 (c) (5) grants a private right of action to those who receive telephone calls in violation of the FCC regulations authorized under subsection (c). Such a person is entitled to $500 in damages per violation, and these damages may be increased by up to 3 times, at the Court's discretion, if the defendant acted "knowing[ly] or willful[ly]" in violation of the law. Such a person may at the same time also request injunctive relief against future violations.

13. The FCC has declared that restrictions on placing "calls" to phones also apply to sending text messages. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd 14014, 14115, para. 165 (2003).

## FACTUAL ALLEGATIONS: DEFENDANT'S TEXTS TO PLAINTIFF

14. On August 28, 2023, at 11:01 AM, Plaintiff received a long text message, originating from (218) 292-692, at his personal cell phone number ending in 2205. The message stated that it was from Wolf River Electric, stated that they were "checking in on your previous inquiry about solar for your home", advertised a promotional discount they were running on solar installations, and asked to connect Plaintiff with one of their "Solar Advisors".

15. That same day, at 3:13 PM and 9:45 PM, Plaintiff received two more text messages from the same number, following up on the original message, saying "Please let me know when you get a chance" and "Still looking to learn more about your solar options?"

16. The aforementioned text messages were an attempt by Defendant to sell its services to Plaintiff.

17. Prior to receiving these text messages, Plaintiff had never heard of a "Wolf River Electric", nor submitted an "inquiry" to one about solar installation.

18. Defendant texted Plaintiff not because of an "inquiry" Plaintiff made to them, but because Defendant bought Plaintiff's personal information online.

19. Plaintiff has never consented to receive telemarketing texts from Defendant.

20. Plaintiff has never consented to have his personal information sold, nor has he ever given consent to receive telemarketing communications from parties who purchase his personal information.

21. Plaintiff and Defendant have no business relationship.

22. Plaintiff has never entered into any sort of contract or agreement with Defendant.

23. Plaintiff's phone number ending in 2205, at which he received the text messages at issue, has been registered in the National Do Not Call Registry since July 29, 2016.

## FACTUAL ALLEGATIONS: DEFENDANTS' KNOWING OR WILLFUL ACTIONS

24. Prior to August 31, 2023, Defendants were aware of the existence of the Telephone Consumer Protection Act and/or the National Do Not Call Registry.

25. In 2020, 241 million Americans had their phone numbers registered on the National Do Not Call Registry, representing 73% of the US population.

26. The existence of the National Do Not Call Registry is common knowledge.

27. Prior to August 31, 2023, at least one executive of LTL LED, LLC, or at least one person holding a management position there whose responsibilities include sales and marketing, placed their phone number on the National Do Not Call Registry, thereby demonstrating an awareness of its existence.

28. Defendant does not subscribe to the National Do Not Call Registry.

29. Defendant makes no attempts to avoid sending marketing text messages to phone numbers on the National Do Not Call Registry.

30. Defendant does not train its employees not to send marketing texts to phone numbers on the National Do Not Call Registry.

31. When sending Plaintiff the text messages on August 31, 2023, Defendant was aware that Plaintiff had not submitted an inquiry to Defendant nor requested to be contacted by Defendant.

32. Defendant willfully sent the text messages to Plaintiff, without confirming whether Plaintiff's phone number was on the National Do Not Call Registry, and despite Defendant's awareness of the existence of that Registry, and

despite Defendant's knowledge that Plaintiff had not submitted an inquiry to Defendant.

## COUNT 1: VIOLATIONS OF 47 CFR 64.1200 (c) (2)

33. Plaintiff incorporates by reference all of the paragraphs in the above "FACTUAL ALLEGATIONS" sections as though fully stated herein.

34. The above-alleged text messages by Defendant each constitute a violation of 47 CFR 64.1200 (c) (2), because the calls were intended to encourage the purchase of Defendant's services, and Plaintiff's phone number is on the Do Not Call Registry.

35. Pursuant to 47 U.S.C. § 227 (c) (5), Plaintiff is entitled to $500 from Defendant for each violation, for a total of $1,500.

36. Defendant's actions should be considered "knowing" or "willful" for the purposes of 47 U.S.C. § 227 (c) (5), and thus the damages should be trebled by the court, to $4,500.

## REQUEST FOR RELIEF

37. Plaintiff seeks the above trebled statutory damages of $4,500.

38. Pursuant to 47 U.S.C. § 227 (c) (5), Plaintiff also seeks an injunction prohibiting Defendants or their agents from initiating any telemarketing to Plaintiff's cell phone in the future.

39. Plaintiff seeks reimbursement by Defendants for any costs incurred in the process of filing and litigating this complaint.

40. Plaintiff seeks any additional remedies the Court deems just and reasonable.

*Alex von Brandenfels*

*[signature]*

9/13/2023